# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) |
|---|---|
| | ) |
| v. | ) CR No. 9-324 |
| | ) CV No. 13-1592 |
| VON HILTON WEYGANDT | ) |

## OPINION AND ORDER

### SYNOPSIS

In this matter, on August 21, 2011, Defendant was convicted of violating 18 U.S.C. 922(g)(1), which generally carries a mandatory minimum sentence of ten years. On February 9, 2012, Defendant was sentenced to a term of imprisonment of 180 months.[1] His sentence was based, in part, on the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Before the Court is Defendant's Amended Motion pursuant to 28 U.S.C. § 2255, in which he contends that his sentence is invalid in light of Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). For the following reasons, Defendant's Motion will be granted, and this matter transferred to Judge Cercone for further proceedings.

### OPINION

### I.    APPLICABLE STANDARDS

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files,

---

[1] This matter was transferred to my docket on November 30, 2016.

and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

## II. DEFENDANT'S MOTION

Defendant argues that several of his predicate convictions – fleeing and eluding, resisting arrest, and aggravated assault – no longer qualify as valid predicates. Defendant does not challenge the Court's reliance on two prior drug offenses, but contends that aggravated assault no longer supports his enhanced sentence. In response, the Government does not argue that fleeing and eluding or resisting arrest are valid predicates. Instead, it argues that Defendant's two prior drug offenses and aggravated assault conviction support the ACCA enhancement.[2]

Given the parties' positions, the outcome of Defendant's Motion depends on whether Defendant's aggravated assault conviction remains a valid predicate. The parties agree that the conviction arose under 18 Pa.C.S. § 2702. Section 2702 has been held divisible and subject to a modified categorical approach, and I will proceed under that assumption. See United States v. Lewis, No. 15-368, 2017 U.S. Dist. LEXIS 10129, at *5 (E.D. Pa. Jan. 25, 2017). A modified categorical approach, in turn, permits the court to consider documents approved by Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), and Taylor v. United States, 495 U.S. 575, 109 L. Ed. 2d 607, 110 S. Ct. 2143 (1990), in order to determine whether a conviction qualifies as a predicate offense.

Here, the parties further agree that the conviction arose under either Section 2702(a)(1) or (a)(4). A conviction under Section 2702(a)(4) has been deemed a qualifying offense under the force clauses of both ACCA and the Sentencing Guidelines. United States v. Gorny, 655 F.

---

[2] The Government raises other arguments, such as that Defendant's Motion is untimely because it does not actually rest on Johnson, but instead on earlier case law, and that he has procedurally defaulted or waived his argument in various respects. I reject these arguments.

App'x 920, 925 (3d Cir. 2016) (nonprecedential); Peppers, 2016 U.S. Dist. LEXIS at *2. In contrast, it has been held that a violation of Section 2702(a)(1) is not a qualifying predicate, because it criminalizes reckless conduct and can be committed by an act of omission. United States v. Harris, No. 6-268, 2016 U.S. Dist. LEXIS 117070, at **42-43 (M.D. Pa. Aug. 31, 2016).[3] Albeit in a different context, our Court of Appeals has emphasized that only "knowing and intentional assaults" qualify as crimes of violence. United States v. Doe, 810 F.3d 132, 147 (3d Cir. Pa. 2015). Thus, the statutory subsection under which Defendant was convicted will determine the outcome of the Motion at bar. In this situation, the Government bears the burden of demonstrating that career offender status is proper. United States v. Smith, No. 92-146, 2016 U.S. Dist. LEXIS 113484, at *6 (W.D. Pa. Aug. 25, 2016).

The Government contends that Defendant pleaded guilty to violating Section 2702(a)(1), and has submitted an online docket sheet from the Court of Common Pleas of Fayette County as support.[4] It has also submitted a Police Criminal Complaint lodged against Defendant, which states as follows:

> AGGRAVATED ASSAULT, (1 count) CC/2702(a)(1), (a)(4). Did attempt to cause serious bodily injury to one [victim] and intentionally, knowingly causes bodily injury to [victim] with a deadly weapon, being a .22 caliber pistol.

---

[3] Two decisions, similar to each other but in possible conflict with Harris, have issued from the Middle District of Pennsylvania: In United States v. Peppers, No. 00-336, 2016 U.S. Dist. LEXIS 168101 (M.D. Pa. Dec. 6, 2016) and United States v. Mayo, No. 00-336, 2016 U.S. Dist. LEXIS 163842 (M.D. Pa. Nov. 29, 2016). Pepper and Mayo relied in part on our Court of Appeals' conclusion in United States v. Gorny, 655 F. App'x 920, 927 n. 9 (3d Cir. 2016), that a violation of Section 2702(a)(1) remains a "crime of violence" for purposes of U.S.S.G. § 4B1.2, as an enumerated offens. Peppers and Mayo also referred to Briolo v. Attorney General, 515 F. App'x 126 (3d Cir. 2013), which approved, for 18 U.S.C. §16 purposes, a predicate aggravated assault conviction under a New Jersey statute containing a recklessness provision similar to that of Section 2702(a)(1). Id. at 128. Briolo, however, involved the residual clause of Section 16(b); in addition, aggravated assault is not an enumerated offense under ACCA. Given these factors and the relatively brief analyses in Pepper and Mayo, I find Harris persuasive in this case.

[4] The Government urges the Court to examine the underlying facts charged in the state court record. "[A] judge cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense." Mathis v. United States, __ U.S.__, 136 S. Ct. 2243, 2252, 195 L. Ed. 2d 604 (2016) (citing Shepard, 544 U.S. at 25. The modified categorical approach is "not to be repurposed as a technique for discovering whether a defendant's prior conviction...rested on facts" that would justify an enhanced sentence. Id. at 2254.

Although the Police Criminal Complaint seems to eliminate reckless conduct as a possibility, the information filed against Defendant leaves open that possibility. The information does not specify a statutory subsection. It charges that Defendant "unlawfully did attempt to cause, or intentionally, knowingly, or recklessly did cause bodily injury to another," and that Defendant "did unlawfully and recklessly engage in conduct which placed or may have placed another person in danger of death or serious bodily injury." Finally, Defendant's Plea Bargain indicates that he pleaded guilty to aggravated assault, but again, no statutory subsection is specified. There is no suggestion, in any of the documents submitted by the Government, that Defendant actually pleaded guilty to Section 2701(a)(4); and if I were to accept the docket sheet as a valid Shepard document, along with the Government's contention that Defendant pleaded guilty to 2701(a)(1), that conviction would not serve as a valid ACCA predicate. This record, according to applicable law, does not support an ACCA enhancement. Defendant's Motion must be granted.

## CONCLUSION

In conclusion, the record does not demonstrate that Defendant's ACCA sentence was supported by three valid predicate offenses. Therefore, his sentence will be vacated, and the matter transferred to Judge Cercone for further proceedings. An appropriate Order follows.

# ORDER

AND NOW, this 2nd day of March, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that the Defendant's Amended Motion to Vacate [105] is GRANTED. This matter shall be transferred to Judge Cercone for further proceedings.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court