# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:09cr324 |
| | ) | **Electronic Filing** |
| VON HILTON WEYGANDT | ) | |

## MEMORANDUM ORDER

AND NOW, this 8th day of June, 2017, upon due consideration of the government's position concerning the applicability of the Armed Career Criminal Act and the parties' submissions in conjunction therewith, IT IS ORDERED that the government's position is overruled. Von Hilton Weygandt no longer is subject to the Armed Career Criminal Act.

We reject the government's positon for several reasons. Aside from the thinly veiled attempt to gain reconsideration of Judge Ambrose' rulings in the disposition of defendant's § 2255 motion without justification for doing so, the government's efforts fall short on the merits.

For the sake of argument it will be assumed that the "categorical approach" is to be applied in undertaking this inquiry. Under this approach the elements of the defined offense (or identified offense in its generic form) are compared to the prior offense of conviction to determine if the elements are aligned. United States v. Henderson, 841 F.3d 623, 627 (3d Cir. 2016). The prior conviction is a qualifying predicate only if its elements are the same as, or more narrow than, those of the defined or generic offense. Id. The particular facts of the prior offense have no bearing on this legal analysis. Id.

Statutes that list alternatives present an added level of scrutiny. An inquiry must be made as to whether the listed alternatives are "elements or means." Id. at 628. Where the alternatives are elements that must be proven to obtain a conviction, the statue is divisible and the modified categorical approach may be utilized. The modified categorical approach permits the court to examine so-called "Shepard" documents to determine which of the

alternative elements were charged and proven (or admitted by the defendant) in obtaining the prior conviction.

In contrast, if the statute merely identifies a list of alternative means for committing a single element, then the statute is indivisible and no further inquiry can be undertaken. Id. This is because a legislature's mere identification of alternative means to commit a single element renders the offense indivisible and thus broader than the definition of the qualifying offense. Id. ("'If instead they are means,' however, the Supreme Court explained that we have 'no call to decide which of the statutory alternatives was at issue in the earlier prosecution.'") (quoting Mathis v. United States, -- U.S. --, 136 S. Ct. 2243 (2016)). One of the common informative sources for making this determination is the law of the forum in which the conviction was obtained. Id. at 628.

Here, the applicable version of Pennsylvania's Aggravated Assault Statute at the time of defendant's offense is divisible. The issues dividing the parties are whether 18 Pa. C. S. § 2702(a)(1) is a violent felony by operation of ACCA's force clause and whether the permissible Shepard documents support a finding that defendant's guilty plea rests only on a violation of § 2702(a)(4), which clearly falls within the scope of a violent felony under the ACCA's force clause.

We decline to embark on the exercise of legal gymnastics offered by the government in support of its position that § 2702(a)(1) is a violent felony. Judge Ambrose relied on United States v. Harris, 205 F. Supp.3d 651, 668-772 (M.D. Pa. 2016), in concluding that § 2702(a)(1) is not confined to an offense that necessarily has to be committed through the use of force. See id. at 672 ("It follows, contrary to the government's argument, that aggravated assault under subsection 2702(a)(1) is categorically not a violent felony as it can be committed without the use of force."); accord United States v. Fisher, 2017 WL 1426049, *7 (E.D. Pa. April 21, 2017) ("After consideration of all of the parties' arguments, we join the other District Courts that have recently held that Pennsylvania aggravated assault under § 2702(a)(1) is not a "crime of violence" under the ACCA because it can be committed by an

act of omission and criminalizes reckless conduct."). The authority and reasoning reflected in Harris and its progeny sufficiently are persuasive and convince us that § 2702(a)(1) categorically is not a crime of violence.

The government's efforts to bypass the clear directives of Mathis and engage in an inquiry as to whether defendant's conviction rests on facts that necessarily placed it only within the scope of § 2702(a)(4) likewise must be rejected. Under the modified categorical approach, a sentencing court can look to certain judicial records to ascertain whether the defendant's conviction rests on an offense that is limited by its elements so as to qualify as a violent felony. See Henderson, 841 F.3d at 631 (Judicial documents from the convicting court may be considered where they are "a reliable judicial record" and supply the clarity that adherence to Taylor's demand for certainty requires). Of course, this inquiry is limited to ascertaining the elements upon which the defendant's conviction rested, not the facts. Id.; Mathis, 136 S. Ct. at 2253 ("ACCA, as just explained, treats such facts as irrelevant: Find them or not, by examining the record or anything else, a court still may not use them to enhance a sentence."). As correctly determined by Judge Ambrose, the documents advanced fail to supply the requisite certainty that defendant's plea of guilty itself necessarily rested only on the elements of § 2702(a)(4) and not those of §2702(a)(1). Consequently, we must resist the government's invitation to revert to the pre-Decamps/Mathis manner of implementing the modified categorical approach.

For the reasons set forth above as well as those set forth by Judge Ambrose, the government's attempt to gain a second bite at the apple is unavailing. This court will resentence defendant without application of 18 U.S.C. § 924(e).

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Michael Ivory, AUSA
      Elisa Long, AFPD
      Sarah E. Levin, AFPD
      (*Via CM/ECF Electronic Filing*)